ANNA RUBEL, PLAINTIFF, v. OSCAR WEISS AND DORA BLUESTEIN, DEFENDANTS.

Submitted October term, 1929—Decided April 9, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *William B. Stites.*

*Contra, Feder & Rinzler.*

PER CURIAM.

This is the defendants' rule for new trial in an automobile accident case. The plaintiff recovered a verdict of $2,000 on this, the second trial of the case—the first trial having resulted in a verdict of $2,500.

The reasons urged for making the rule absolute are (1) that the verdict is against the weight of the evidence; (2) that the verdict is excessive; (3) that a nonsuit should have been granted or a verdict directed in favor of the defendant Weiss, the owner of the defendant car; and (4) that a non-

suit should have been granted or a verdict directed in favor of the defendants because plaintiff was guilty of contributory negligence; also that there was error in the rulings on evidence and in the charge to the jury.

The accident happened at the corner of Main and Brook avenues in Passaic. According to testimony given on behalf of the plaintiff, defendant's car was driven at a high rate of speed and the collision occurred when the car of the plaintiff was three-fourths of the way across the intersection. The defendant denied this and asserted that, in addition to not regarding the right of way, the plaintiff was guilty of negligence in not observing the approach of the car. Plaintiff's car was driven by a man named Bishop; that of the defendant by a lady friend of the defendant's wife who was an occupant of the car.

In this situation the defendant Weiss contends that the ownership of the car carrying a presumption of operation was not sufficient to go to the jury. The car was being driven by a friend of the defendant's wife and apparently for the pleasure of that wife. It was a car used both for business and family purposes. We think the verdict, in so far as the legal phase are concerned, was justified both as to the chauffeur of the defendant's car and the owner Weiss. Also that the verdict is not against the weight of the evidence.

As to the damages: $500 of actual loss was proven. Plaintiff was injured by bruises and cuts, was taken to a hospital and had her shoulder in a plaster cast for several weeks as a result of the injuries received to it. Her testimony is that this injury occasions pain and it is difficult for her to use the arm freely. These facts taken in connection with the further fact that the accident happened two years before the case was tried, the verdict does not seem to be excessive.

The remaining reasons do not call for discussion. The rule is discharged.